IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **KIRK HARRINGTON,** | CASE NO. 1:21-CV-00960-PAB |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| **JOSE M. PLEHN-DUJOWICH,** et al., | |
| **Defendants.** | MEMORANDUM OPINION AND ORDER |

This matter comes before the Court upon Plaintiff Kirk Harrington's ("Plaintiff" or "Harrington") Motion to Correct the Name of the Defendant ("Motion") (Doc. No. 27.) Plaintiff seeks to amend the name of Defendant "Jose M. Plehn-Dujowich a/k/a Jose M. Plehn" ("Defendant Plehn") to the corrected name of "John Marcial Plehn a/k/a Jose Marcial Plehn." (Motion at PageID #173.) Neither Defendant Plehn nor any other Defendant has filed an Opposition to Plaintiff's Motion. Finding the Plaintiff's Motion well-taken, the Court GRANTS the Plaintiff's Motion to Correct the Name of the Defendant (Doc. No. 27). The Court shall issue an Amended Default Judgment in accordance with this Opinion that provides that judgment is against John Marcial Plehn a/k/a Jose Marcial Plehn.

I.  Background

On February 15, 2022, this Court issued a Memorandum Opinion and Order granting in part and denying in part Harrington's Motion for Default Judgment and entered default judgment against Defendants in accordance with the Court's opinion. (Doc. Nos. 22, 23.) Harrington has now moved to amend the Court's default judgment due to an error with Defendant Plehn's name. Specifically, Harrington asserts that the deed of trust for the last known address for Defendant Plehn lists his name

as "John Marcial Plehn." (Motion at PageID #175.) Further, Plaintiff submits that within that same deed of trust, Defendant Plehn signs his name as "Jose Marcial Plehn." (*Id.*) Thus, Harrington contends that it is obvious that the party named in his Complaint, Defendant Plehn, is really known as "John Marcial Plehn a/k/a Jose Marcial Plehn" rather than "Defendant Jose M. Plehn-Dujowich a/k/a Jose M. Plehn." (*Id.*) Accordingly, Harrington requests the Court to correct the record pursuant to Fed. R. Civ. P. 60(a) so that his judgment may attach to all assets owned by Defendant Plehn. (*Id.* at PageID #175–76.) Defendant Plehn filed no opposition brief in response.

## II. Standard of Review

Fed. R. Civ. P. 60(a) provides:

> **(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

"The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature." *Braun v. Ultimate Jetcharters, LLC*, 828 F.3d 501, 515 (6th Cir. 2016) (quoting *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002)). "Whereas Rule 60(a) may *not* be used in 'instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination,' . . . the Rule *can* be used to 'correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial.'" *Braun*, 828 F.3d at 515 (quoting *In re Walter*, 282 F.3d at 441). "[W]hen a court has undertaken to 'make the judgment or record speak the truth' rather than 'something other than what was originally pronounced[,]' the court has not abused its discretion in granting relief under Rule 60(a)." *In re Walter*, 282 F.3d at 441 (citation omitted).

## III. Analysis

The Court finds Harrington's Motion well-taken and concludes that grounds exist under Rule 60(a) for granting the relief that Harrington seeks. In reviewing Harrington's submitted documentation, the Court discerns that Defendant Plehn references himself as both "John Marcial Plehn" and "Jose Marcial Plehn" within the same deed of trust. (*Compare* Doc. No. 27-2 at PageID #181, *with* Doc. No. 27-2 at PageID #193–94.) Further, the property address listed in the deed of trust matches the mailing address that Defendant Plehn was served at via certified mail. (*Compare* Doc. No 27-2 at PageID #181, *with* Doc. No. 18-1 at PageID #100.) And here, "Plaintiff is not attempting to assert new claims, but only to have the Default Judgment reflect what Plaintiff had alleged in [his] Complaint. Therefore, the Court needs to do nothing more difficult than the ministerial task of correcting the record to reflect the original intention of Plaintiff." *In re Lee Way Holding Co. v. A Beam's Sec.*, 113 B.R. 406, 408 (Bankr. S.D. Ohio 1990). The Court is thus satisfied that Defendant Plehn, who is listed in Harrington's Complaint as "Defendant Jose M. Plehn-Dujowich a/k/a Jose M. Plehn," is the same individual known as "John Marcial Plehn a/k/a Jose M. Plehn."

Accordingly, the Court will issue an Amended Default Judgment to amend the name of Defendant "Jose M. Plehn-Dujowich a/k/a Jose M. Plehn" to the corrected name of "John Marcial Plehn a/k/a Jose Marcial Plehn."

IV.     **Conclusion**

The Court GRANTS Plaintiff's Motion to Correct the Name of the Defendant (Doc. No. 27). The Court shall issue an Amended Default Judgment in accordance with this Opinion that provides that judgment is against John Marcial Plehn a/k/a Jose Marcial Plehn.

**IT IS SO ORDERED.**

Date: January 8, 2025
                         *s/Pamela A. Barker*
                         PAMELA A. BARKER
                         U.S. DISTRICT JUDGE